HUGH B. GARDNER, Respondent, *v.* HOME LIFE PUBLICATIONS, INC., and Others, Appellants.

Second Department, December 19, 1932.

*Ralph S. Kent*, for the appellants.

*Brison Howie*, for the respondent.

DAVIS, J. The action is for libel. The complaint alleges, in brief, that the plaintiff was comptroller of the city of New Rochelle and his duties placed him in control of all the fiscal affairs of the city, requiring him to report thereon from time to time; that on December 29, 1931, he made a public statement or address at Syracuse concerning which the defendants afterward made the following publication: " Although City Comptroller Gardner (New Rochelle) announced to a Syracuse convention that New Rochelle would have no deficit in 1931, two days later the City was forced to obtain a rush loan on advance tax certificates (at six per cent) to pay municipal salaries."

This article, it is charged, was intended to and did convey to the community the impression that two days after plaintiff had stated there would be no deficit for the year 1931, " the City was compelled to borrow a large amount of money at a high rate of interest against taxes for the year 1932, thus indicating that the City of New Rochelle had a large deficit for the year 1931 and that the plaintiff as Comptroller, was utterly ignorant of the financial condition of the City and totally unfit and unqualified for the position of City Comptroller;" and it is alleged that such statements were false.

The defamatory statements contained in the publication are alleged to have held up the plaintiff to public ridicule and contempt, whereby he has been greatly damaged in his reputation and his good name.

We do not gain the same impression as the plaintiff alleges was conveyed to the community; nor do we draw the same conclusions that it indicated that the plaintiff was ignorant, unfit and unqualified for his position. What the plaintiff stated in his address related to the future and might be looked upon in the light of a prophecy. Whatever occurred later, within the two days between the prediction, and the first of the new year, might, for aught that is alleged, have been due to some emergency or some act on the part of the legislative authorities over which the plaintiff had no control. The " rush loan on advance tax certificates (at six per cent) to pay municipal salaries " does not by its terms convey the inescapable conclusion that it was for salaries to be paid on December thirty-first; it may have been provided for January salaries; and the rate of six per cent is not necessarily a high rate of interest for short municipal loans. It is unlikely that the plaintiff has any control over appropriations — so any blame or criticism which may be attached to the financial situation, whatever it is, does not necessarily fall on the plaintiff or reflect on his capacity as a fiscal officer.

It has been held that words used in an alleged libelous article cannot be enlarged or changed by innuendo. " If the pamphlet does not in fact charge the plaintiff with the things set forth in the innuendo, and when fairly read it appears that the plaintiff is not so charged, its meaning cannot be extended by innuendo to make it constitute a libel against him." (Hays v. American Defense Society, 252 N. Y. 266, 270.)

Here there is no malice charged in the making of the publication except such as may arise by legal implication from an act libelous per se. Words spoken of a person making a serious reflection upon his strictly business or professional capacity and holding him up to disgrace and contumely, may be libelous per se. (Mattice v.

*Wilcox,* 147 N. Y. 624.) A somewhat different rule applies in the case of a public official and in matters of public concern. There is no answer setting up a qualified privilege, for the motion is to dismiss the complaint. Nevertheless, in reading and interpreting the article we may consider facts of common knowledge, among which are that people are watching with great care and are desirous of being informed concerning all questions of taxation and the acts of public officials in relation to the fiscal affairs of a city. " Mere exaggeration, slight irony or wit, or all those delightful touches of style which go to make an article readable, do not push beyond the limitations of fair comment." (*Briarcliff Lodge Hotel* v. *Citizen-Sentinel Publishers,* 260 N. Y. 106, 118.)

Reading the article in the light of its own language and the common knowledge of present municipal finances and the interest of the public therein, we look upon it as an item of news and do not place upon it the same interpretation as does the plaintiff; nor do we regard it as libelous *per se.* It follows that the complaint fails to state facts sufficient to constitute a cause of action, particularly in view of the fact that no special damages are alleged. (*Crashley* v. *Press Publishing Co.,* 179 N. Y. 27; *McNamara* v. *Goldan,* 194 id. 315.)

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to the plaintiff to amend his complaint within ten days on payment of said costs.

LAZANSKY, P. J., KAPPER, HAGARTY and CARSWELL, JJ., concur.

Order denying defendants' motion to dismiss the complaint reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to amend his complaint within ten days on payment of said costs.